Brush *v.* Keeler.

---

ALEXANDER B. BRUSH *vs.* ZOPHAR B. KEELER.

An error of the court in disallowing a claim to recoup damages, held no ground for a new trial, where an equivalent sum was allowed the defendant under another form.

MOTION for a new trial by defendant, from a judgment of the superior court, (*Sanford, J.*)   The case is sufficiently stated in the opinion.

*White,* with whom was *Taylor,* in support of the motion.

*Averill* and *Brewster,* contra.

HINMAN, C. J.   In this action the plaintiff claimed to recover a balance of fifty dollars claimed to be due on the sale of a yoke of oxen to the defendant.   The defence was that the cattle did not answer the recommendation and warranty under which they were sold, as the defendant claimed, and that all they were worth had been paid for them.   It appeared that at the time of the sale nothing was said by either party as to the quality of the cattle.   But the plain-

tiff's father had been authorized to sell them, as the plaintiff's agent, and the defendant, just previous to his completing the purchase of the plaintiff in person, had been treating with the father for the purchase and he recommended them as good workers, and said there were no faults about them, and did this after the defendant had informed him that he wanted a first rate pair of working cattle, such as a boy could drive, and such as were orderly; and he showed the defendant the cattle in question as such as he wanted. The defendant also, on discovering that they did not answer his expectations, offered to return them to the plaintiff, and the plaintiff then said to him that he should lose nothing, and that he would make it all right if the cattle had any faults about them, and he requested the defendant to try them further. The court was of opinion that the recommendation of the father was not binding upon the plaintiff; but in view of the conversation at the time the cattle were offered to be returned, and the understanding of the parties at that time, that all defects were to be made good, allowed the defendant the sum of twenty dollars in reduction of the plaintiff's claim, and for all defects in the cattle at the time of sale, and rendered judgment for the balance only after deducting that sum. It is apparent therefore from the whole case that the defendant has had allowed to him the exact difference between the value of the cattle as they were at the time of purchase, and their value had they been such as the father recommended. And as this is the precise sum the defendant would have been entitled to recover in a suit upon the warranty, assuming that it could have been proved by the declaration of the father as the plaintiff's agent, and is also the sum he is entitled to recoup in this action upon the same assumption, it is clear that he has suffered nothing by the erroneous opinion of the court, if it be admitted to be such. It is unnecessary to say anything therefore in respect to the correctness of the opinion expressed by the court with regard to the father's declarations, further than that those declarations seem to have been admitted by the son as having been made by his agent, when he requested the defendant to try the cattle further, and

promised that he should lose nothing in consequence of his purchase. But as by the judgment he has lost nothing, there can be no ground for a new trial.

In this opinion the other judges concurred.